FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 AUG 31  P 2: 02

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | | Case No.: GJH-14-0501 |
| v. | * | |
| | | |
| TAVON SMITH, | * | |
| | * | |
| Defendant. | | |
| | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM OPINION**

Is a conviction for Assault with a Dangerous/Deadly Weapon ("ADW") in the District of Columbia a crime of violence for purposes of United States Sentencing Guidelines ("USSG") § 4B1.2? If the answer is "yes," Defendant Tavon Smith has a base offense level of twenty-four for his conviction on the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). If the answer is "no," his base offense level is twenty. The Court answers the question in the affirmative.

I. **Background**

On October 27, 2014, the Grand Jury for the District of Maryland returned a one-count indictment charging Tavon Smith with the offense of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1). ECF No. 1 at 1. On March 3, 2015, Mr. Smith pleaded guilty to the single count indictment. ECF No. 25. The plea agreement provides that, pursuant to U.S.S.G. § 2K2.1(a)(2), the Court should apply an offense level of twenty-four because Mr. Smith has two prior convictions for either a crime of violence or controlled substance offense. ECF No. 56 at 2. Specifically, Mr. Smith has been convicted of Assault with a Dangerous/Deadly Weapon in 2005

and Attempted Distribution of Controlled Dangerous Substances in 2007, both in the District of Columbia. ECF No. 32.

As a result of a recent Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), Mr. Smith now challenges whether his 2005 conviction for ADW qualifies as a crime of violence under § 4B1.2.[1] Sentencing was delayed so that the parties could address the impact, if any, of *Johnson II* on Mr. Smith's guideline calculation. Both sides have now submitted multiple letter briefs addressing the issue. ECF Nos. 56, 59, 60, 61 and 63. Oral argument was held on July 29, 2015. ECF No. 62.

II. **Discussion**

USSG § 4B1.2(a) defines a "crime of violence" as any offense punishable by imprisonment for a term exceeding a year that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated clauses"], or otherwise involves conduct that presents serious potential risk of physical injury to another [the "residual clause"]." U.S.S.G. § 4B1.2. "'[P]hysical force' means 'violent force – that is, force capable of causing physical pain or injury to another person.'" *United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015) (quoting *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265 (2010) ("*Johnson I*").

The definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), which was the subject of *Johnson II*, is identical and courts therefore rely on cases construing that provision when analyzing the definition of "crime of violence" under USSG § 4B1.2. *See Shell*, 789 F.3d at 340 n.2. In *Johnson II*, the Supreme Court ruled that "imposing an increased

---

[1] The commentary for USSG § 2K2.1, which establishes the offense level for the crime of conviction in this case, defines crime of violence by referencing § 4B1.2. *See* USSG § 2K2.1, Application Note 1.

2

sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson II*, 135 S. Ct. at 2563.

As a result of *Johnson II*, and because ADW is not identified in the enumerated clauses, the Government must establish that ADW meets the requirements of the force clause in order to qualify as a crime of violence. Mr. Smith advances two primary arguments for why the government cannot meet its burden. First, he argues that ADW does not have "an element the use, attempted use, or threatened use of physical force against the person of another." Second, he argues that because ADW can be committed recklessly, it does not require the mens rea necessary to be a crime of violence. The Court will address both arguments.

### III. Elements of the Offense

Both parties agree that the Court must apply what is commonly known as the categorical approach to determine if ADW is a crime of violence. Under the categorical approach, a court assesses "whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson II*, 135 S. Ct. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141, 128 S. Ct. 1581 (2008)). When determining whether a particular offense would be prosecuted under the statute, "the categorical approach assumes that the defendant committed the least culpable act to satisfy the count of conviction as long as there is '*a realistic probability, not a theoretical possibility*, that the State would apply its statute to that conduct.'" *United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014) (emphasis in original) (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013)); *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008). The rule of lenity, which states "that criminal statutes, including sentencing provisions, are to be construed in favor of the accused . . . cannot dictate an implausible interpretation of a

statute, nor one at odds with the generally accepted contemporary meaning of a term." *Taylor v. United States*, 495 U.S. 575, 596 (1990).

In the District of Columbia, ADW and Simple Assault both require: "(1) 'an attempt, with force or violence, to injure another, or a menacing threat, which may or may not be accompanied by a specific intent to injure;' (2) 'the apparent present ability to injure the victim;' [and] (3) a general 'intent to commit the acts which constitute the assault.'" *Spencer v. United States*, 991 A.2d 1185, 1192 (D.C. 2010) (quoting *Williamson v. United States*, 445 A.2d 975, 978-79 (D.C. 1982)). ADW adds a fourth element: "'the use of a dangerous weapon in committing the assault.'" *Id.*

The Government concedes, as it must, that Simple Assault is not a crime of violence. *See* ECF No. 59; *see also United States v. Royal*, 731 F.3d 333, 342 (4th Cir. 2013) ("Accordingly, Royal's 2007 Maryland second-degree assault conviction does not constitute a predicate 'violent felony' supporting a sentencing enhancement under ACCA § 924(e)(1)."). The Court must, therefore, look to the unique fourth element of ADW to determine whether it establishes that ADW is a crime of violence. The Court finds that it does.

The fourth element makes clear that ADW requires "the *use* of a dangerous weapon" in the commission of an assault. When the *use* of a dangerous weapon is added to the degree of force contained in the first three elements of ADW, the Court finds that there is force sufficiently capable of causing physical pain or injury to another person.[2] In other words, it is violent force. *See United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) ("Similarly, we conclude that even the 'least touching' with a deadly weapon or instrument . . . is violent in nature and

---

[2] Mr. Smith's reliance on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) is therefore misplaced. In *Torres-Miguel*, the Fourth Circuit stated that "an offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence. *Torres-Miguel*, 701 F.3d at 168 (emphasis in original). The Court finds that ADW does involve the use or threatened use of force.

4

demonstrates at a minimum the threatened use of actual force."); *United States v. Am*, 564 F.3d 25, 33-34 (1st Cir. 2009) ("Under Massachusetts law, assault by means of a dangerous weapon is a general intent crime and requires either intentional and unjustified use of force upon another person or the 'intentional commission of a wanton or reckless act causing physical or bodily injury to another.' Because the state, under either of these two theories had to show that Am acted intentionally, his conviction for assault by means of a dangerous weapon thus constituted a 'crime of violence' for purposes of career offender status.").

Mr. Smith asserts that violent force is not needed to satisfy ADW in the District of Columbia because "an assault with a dangerous weapon includes the act of merely touching or attempting to touch another with a dangerous weapon, for example, by tapping someone on the shoulder with a gun." ECF No. 63 at 3. He also notes that "exposure to poison (or other chemical agents) could result in a physical injury or death, but does not require the use of violent force." ECF No. 60 at 3. This Court is not persuaded that the District of Columbia would consider these offenses to fall within the purview of ADW and the Court is not required to "strain credulity or apply [its] 'legal imagination' to the statute's language to arrive at some violation of the statute that would not qualify as a crime of violence," *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007)).[3]

A brief survey of cases affirms that the District of Columbia applies the charge of ADW when a defendant uses, attempts to use, or threatens to use force capable of causing physical pain or injury to another. *See, e.g., Perry v. United States*, 36 A.3d 799 (D.C. 2011) (bottle and shod foot used to kick victim in the head and side of his body); *Spencer v. United States*, 991 A.2d 1185 (D.C. 2010) (shooting); *In re D.T.*, 977 A.2d 346 (D.C. 2009) (defendant used teeth to bite

---

[3] Additionally, while it is unclear that it would be charged as an ADW in the District of Columbia, the act of tapping a person on the shoulder with a gun could very well equate to, at least, the threatened use of violent force.

upper, inner thigh of victim and punctured skin causing bleeding); *Williams v. United States*, 881 A.2d 557 (D.C. 2005) (shooting); *Washington v. United States*, 884 A.2d 1080 (D.C. 2005) (shooting); *Price v. United States*, 813 A.2d 169 (D.C. 2002) (shooting); *Powell v. United States*, 485 A.2d 596 (D.C. 1984) (defendant drove car into another automobile); *Williamson v. United States*, 445 A.2d 975 (D.C. 1982) (defendant threatened to strike victim with umbrella with copper pipe). Consistent with these cases, the Court of Appeals for the District of Columbia has explained that an assault with an item that is not inherently dangerous, such as a car or human teeth, rises from Simple Assault to ADW when "the offender is 'armed with' the object or has it 'readily available' *and* where the object is likely under the circumstances to produce death or great bodily injury in the manner in which it is used, intended to be used, or threatened to be used." *In re D.T.*, 977 A.2d at 354 (emphasis added). Thus, there is no indication in the cases in which ADW has been applied, that the District of Columbia applies ADW to cases that do not involve violent force.

The arguments presented by Mr. Smith are similar to the arguments rejected by the Fifth Circuit in *United States v. Carrasco-Tercero*, 745 F.3d 192 (5th Cir. 2014). In *Carrasco-Tercero*, the defendant conceded that "'striking' another with a deadly weapon would be a crime of violence," but contended that "'assaulting' another with a deadly weapon would not be because 'assault' under New Mexico law, includes 'the use of insulting language toward another." *Id.* at 196. The defendant argued that "a conviction could be obtained if the defendant simply used 'insulting language toward' another while holding a deadly weapon." *Id.* The Fifth Circuit reasoned that an "aggravated assault conviction based upon 'insulting language' is, at best, a theoretical, rather than a realistic proposition under New Mexico law. Theoretical applications of a statute to conduct that would not constitute a crime of violence do not

6

demonstrate that the statutory offense is categorically not a crime of violence." *Id.* at 197-98. The Court finds Mr. Smith's arguments here to be equally unavailing.

### IV. Mens Rea

In *Vines v. United States*, the court found that "a conviction for ADW can be sustained by proof of reckless conduct alone." *Vines v. United States*, 70 A.3d 1170, 1180 (D.C. 2013). Since ADW in the District of Columbia can be based on recklessness, Mr. Smith argues that it cannot be a crime of violence. The Court disagrees.

Mr. Smith argues that "to qualify as a predicate under the type of 'use of force' clause employed in § 4B1.2, the offense must require a *mens rea* of more than mere negligence or recklessness." ECF No. 56 at 6. Additionally, Mr. Smith asserts that in *Garcia v. Gonzales*, "the Fourth Circuit, without hesitation, squarely held that an offense with a reckless mens rea does not satisfy the intentional mens rea required under the 'force' clause." ECF No. 63 at 1-2; *see Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006). But the Fourth Circuit's quick dismissal of the statute in *Garcia* does not demand the same treatment here. The statute in *Garcia* required only that a defendant "recklessly cause[] serious physical injury to another person by means of a deadly weapon or a dangerous instrument." *Garcia*, 455 F.3d at 468. As the Fourth Circuit noted, this statute contained no element requiring the use of force. *Id.* Thus the crime in *Garcia* did not require "the use, attempted use, or threatened use" of physical force required to be a crime of violence. By contrast, ADW does. *Perry*, 36 A.3d at 799 (listing essential elements of ADW to include "an attempt with force or violence to injure another . . . or a menacing threat" and the "intent to commit the acts which constitute the assault"). Therefore, while ADW may be committed recklessly it still requires the appropriate use, attempted use or threatened use of force; that is, force capable of causing physical pain or injury to another.

Reference to the crimes of violence listed in the guideline commentary for USSG § 4B1.2 further defeats the argument that a crime committed recklessly can never be a crime of violence for guideline purposes. Most notably, the list of offenses listed in the guideline commentary includes manslaughter, *see* USSG § 4B1.2, Application Note 1, which the Fourth Circuit notes, in its generic form, may be committed recklessly. *United States v. Peterson*, 629 F.3d 432, 436 (4th Cir. 2011).

In his third letter to the Court on this issue, Mr. Smith contends that as a result of *United States v. Shell*, "*Peterson's* holding that the generic definition of the commentary manslaughter offense can be satisfied with a 'reckless' mens rea is . . . invalid." ECF No. 63 at 2. The Court finds no such declaration within the pages of the Fourth Circuit's opinion in *Shell*. As Mr. Smith notes, the Fourth Circuit in *Shell* observed that if a commentary is inconsistent with the text to which it refers, the text controls. *Shell*, 789 F.3d at 340. Thus, in determining whether North Carolina's second-degree rape statute was a crime of violence under § 4B1.2, it stated that its analysis would begin with the text of that provision. The Fourth Circuit did not, however, find that the commentary to § 4B1.2 was inconsistent with the text. Instead, it found a distinction between the commentary in § 2L1.2, in which "forcible sex offense" was listed as a crime of violence with a parenthetical that included sex where legally valid consent is not given, and § 4B1.2, where "forcible sex offense" was listed without the parenthetical.[4] *Id.* at 344-45 ("Accordingly, while we of course do not question *Chacon's* conclusion that offenses presuming the inability to consent qualify as forcible sex offenses under § 2L1.2's commentary, we reach a different result under § 4B1.2."). Thus, the Fourth Circuit noted that it must interpret the

---

[4] The commentary to §2L1.2 defines "crime of violence" for the purpose of determining enhancements for the offense of Unlawfully Entering or Remaining in the United States while the commentary to §4B1.2 supplements the definition of crime of violence that exists in the text and serves as the definition for purposes of the Career Offender provision of the Guidelines and Firearms Offenses under §2K2.1.

commentary in light of the definition of crime of violence in the text "glossed by Supreme Court and Fourth Circuit precedent." *Id.* at 345.

This Court does the same here. The commentary to USSG § 4B1.2 identifies manslaughter as a crime of violence. Commentary in the Guidelines Manual is authoritative when not inconsistent with the law or the text of the guidelines. *Stinson v. United States*, 508 U.S. 36, 38 (1993). The Fourth Circuit in *Peterson* has stated that the generic version of manslaughter includes acts committed recklessly. *Peterson*, 629 F.3d at 436. Nothing in *Shell* diminishes that holding either implicitly or explicitly. The Court therefore finds that cases stating that ADW can be committed recklessly do not serve as a bar to declaring that ADW is a crime of violence for the purpose of § 4B1.2. *See United States v. Marrero*, 743 F.3d 389, 401 (3d Cir. 2014) (holding that third-degree murder in Pennsylvania is a crime of violence under § 4B1.2 despite finding that it could be committed recklessly).

V.     **Conclusion**

This Court holds that a conviction for Assault with a Dangerous/Deadly Weapon in the District of Columbia is a crime of violence for purposes of § 4B1.2 of the United States Sentencing Guidelines. Thus, Defendant Tavon Smith has a base offense level of twenty-four for his conviction on the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g).

Dated: August 31, 2015

GEORGE J. HAZEL
United States District Judge